# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 4:21-CR-00052 |
| | : | |
| v. | : | (Judge Matthew Brann) |
| | : | |
| WAYNE KEEN | : | (Electronically Filed) |

## BRIEF IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE

I.      FACTS OF THE CASE

On August 7, 2020, a Middle District Grand Jury returned an indictment against Wayne Keen charging him with one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4).  On March 9, 2021, Defendant appeared before United States Magistrate Judge William I. Arbuckle for an initial appearance and arraignment and pleaded not guilty and was detained.

The charges arise from a compliance search conducted by Lycoming County Adult Probation Department on August 7, 2020. Defendant has been on supervision by the Lycoming County Adult Probation Department for a conviction of possession of child pornography since August 2, 2017. According to Probation Officer Katie Pratt, she conducted a search of Defendant's residence for compliance with his conditions for probation.

Probation Officer Pratt entered Defendant's room and searched his laptop where she allegedly found a story relating to child pornography. She shutdown the laptop, seized the device and Defendant was taken into custody for violating conditions of his supervision.

On August 31, 2020, Probation Officer Pratt and Detective William Weber obtained a search warrant to seize the laptop and it was transferred to Pennsylvania State Police, Northeast Forensic Computer Lab for analysis. On September 1, 2020, Pennsylvania State Police notified Detective Weber and Officer Pratt that child pornography was discovered on the laptop.

II.     ARGUMENT

**<u>Search Exceeded the Scope of Supervision</u>**

Probation Officer Pratt conducted a search of Defendant's residence based on "compliance" and not suspicion that Defendant was in violation of the conditions of his probation. On September 28, 2020, Probation Officer Pratt indicated in an email to Detective Weber that she "went to his room and knocked and announced, probation" She also says Defendant did not answer and that occurred three times before he came to the door.

Exhibit B attached to the Motion to Suppress goes on to state that Defendant went downstairs with Probation Officer Bower while [Probation Officer Pratt] "did a plain view search of his room". Contrary to the Affidavit of Probable Cause to support the application for a warrant, Probation Officer Pratt "checked the laptop" and found a story on his computer, she also seized (2) cell phones and noted another computer in the family room of the residence that was not seized.

These facts from Exhibit B were omitted from the Affidavit of Probable Cause attached to both the Application for Search Warrant and Criminal Complaint.

The Pennsylvania Supreme Court held that:

In permitting suspicionless searches of defendant's residence as a condition of probation, the trial court exceeded its scope of authority and violated former 61 P.S. § 331.27b(d)(2) (in effect at the time of sentencing), which required probation officers to support their searches with reasonable suspicion. *Commonwealth v. Alexander*, 2011 PA Super 54, 16 A.3d 1152, 2011 Pa. Super. LEXIS 69 (Pa. Super. Ct. 2011).

Additionally, the conditions that the Probation Officer claims to be checking for compliance were not listed in the sentencing order. The Pennsylvania Superior Court recently held that conditions of Defendant's Probation are to be ordered by the Court. See *Commonwealth v. Koger*, 2021 PA Super 115, 255 A.3d 1285

Probation Officers had no authority or cause to search Defendant's premises without a warrant and evidence obtained thereof should be suppressed. Finally, there is no indication from the evidence that the room ultimately searched is the room where Defendant resided within the apartment.

## **<u>Search Violated 4th Amendment</u>**

A search warrant was issued to seize Defendant's laptop based on an illegal search of Defendant's residence. The illegal search was conducted by a Probation Officer without any suspicion of illegal activity.

When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable. *United States v. Herndon*, 501 F.3d 683, 688 (6th Cir. 2007)

The Supreme Court has directed reviewing courts making reasonable suspicion determinations to consider "the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 151 L. Ed. 2d 740 (2002). *Id.*

Here, the Probation Officer did not have any suspicion of illegal activity. She conducted a search that 1) was without authority of the Court and 2) without any basis that a violation had occurred. Additionally, her search of the

laptop was beyond the plain view exception and violates Defendant's constitutional rights under the 4th Amendment.

Respectfully submitted,

s/Steven P. Trialonas
Steven P. Trialonas
Pa ID # 310159
The Mazza Law Group, P.C.
2790 W. College Ave., Suite 800
State College, PA 16801
Phone: (814) 237-6255
Fax: (814) 237-5752
Email:  trialonas@mazzalaw.com