## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:21-CR-00052 |
| v. | (Chief Judge Brann) |
| WAYNE KEEN, III, | |
| Defendant. | |

### MEMORANDUM OPINION

### FEBRUARY 24, 2023

## I.   INTRODUCTION AND BACKGROUND

The Government charged Defendant Wayne Keen, III with several offenses relating to child pornography found on a laptop computer at the house he lived in with his mother in August 2020.[1] Prior to that, in 2017, Keen was convicted of possession of child pornography in the Court of Common Pleas of Lycoming County, Pennsylvania after pleading no-contest to the charges.[2] Part of his sentence for that conviction was four years of probation.[3]

Keen's probation officer discovered the laptop in a bedroom at his mother's house where Keen was living.[4] The probation officer was there on a routine visit to ensure that Keen was complying with his probation conditions, one of which was to

---

[1] Superseding Indictment, Doc. 54; *United States v. Keen*, 2020 WL 16964005, at *1-2 (M.D. Pa. Nov. 16, 2022) (Doc. 46).

[2] *Keen*, 2020 WL 16964005, at *1-2; Order Accepting Keen No-Contest Plea, Doc. 81-1.

[3] *Keen*, 2020 WL 16964005, at *1-2.

[4] *Id.*

not own or use internet-capable devices without authorization from his probation officer.[5] The laptop was seized and searched.[6] On it, law enforcement discovered pornographic media depicting children engaged in sexual acts.[7]

For that, the Government charged Keen with four crimes:

(1) violation of 18 U.S.C. § 2252(a)(2) for willfully and/or knowingly receiving visual depictions of child pornography (Count I);

(2) violation of 18 U.S.C. § 2252(a)(4) for knowingly possessing child pornography (Count II);

(3) violation of 18 U.S.C. § 1466A for knowingly possessing visual depictions of child pornography (Count III);

(4) and violation of 18 U.S.C. § 2260A for violating 18 U.S.C. § 1466A while being required to register as a sex offender under Pennsylvania law (Count IV).[8]

The matter is set for trial, and the parties have filed three pretrial motions that the Court addresses in this opinion. First, Keen moves to bifurcate the trial, to have Count IV tried separately from Counts I through III.[9] Second, the Government moves to admit evidence of Keen's prior crimes under Federal Rule of Evidence 414(a).[10] Third, the Government moves to admit evidence of Keen's prior acts under Rule 404(b).[11] The motions are ripe for disposition.[12]

---

[5]   *Id.*
[6]   *Id.*
[7]   *Id.*
[8]   Superseding Indictment, Doc. 54.
[9]   Doc. 71.
[10]  Doc. 65.
[11]  Doc. 73.
[12]  The Government and Keen have both filed their respective opening and opposition briefs and have represented to the Court that they do not intend to file replies. As Keen's motion to

## II.     LAW

### A.     Motions to Bifurcate

Federal Rule of Criminal Procedure 8(a) states that "[t]he indictment or information may charge a defendant in separate counts with [two] or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction." That said, under Rule 14 of the Federal Rules of Criminal Procedure, district courts "may order an election or separate trials of counts, . . . or provide any other relief that justice requires."

### B.     Motions *In Limine*

Motions *in limine* are " designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."[13] A court may decide the motion before trial or defer, deciding the issue during trial.[14] The movant seeking to admit evidence carries the burden of proof to meet the threshold of admissibility under the relevant rule or principle.

## III.    ANALYSIS

### A.     Keen's Motion to Bifurcate

Keen seeks to separately try Counts I through III and Count IV. Count IV alleges a violation of 18 U.S.C. § 2260A. Section 2260A makes it a crime for any

---

bifurcate would affect the organization of his trial, the Court considers that motion first. Then it will discuss the Government's two motions.

[13]   *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

[14]   *See United States v. Adams*, 36 F.4th 137, 150 (3d Cir. 2022).

individual to commit any enumerated felony offense while required to register as a sex offender by state or federal law. It therefore has three elements: (1) a defendant must be required to register as a sex offender by federal or state law; (2) that defendant must commit an enumerated felony offense; and (3) the commission of the enumerated offense must involve a minor.[15]

The Government concurs with Keen's motion.[16] Keen has agreed to stipulate to the facts necessary for a conviction on Count IV should he be convicted of Count III.[17] Accordingly, the trial will proceed in two phases. First, Keen will be tried on Counts I through III. Following that, the jury will be instructed on Counts I through III. If the jury convicts Keen of Count III, the trial will proceed to the second phase. Keen's stipulation will be read into the record. Both parties will be permitted to present additional evidence. Then the jury will be instructed on Count IV and will be sent to deliberate again on Count IV.

### B.    The Government's Rule 414 Motion *In Limine*

In its first motion, the Government seeks to admit some of the facts underlying Keen's 2017 conviction as well as the conviction itself through Rule 414.[18] Rule 414(a) provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other

---

[15]   18 U.S.C. § 2260A; *United States v. Beck*, 957 F.3d 440, 448 (4th Cir. 2020).

[16]   Keen Mot. to Bifurcate, Doc. 71 at 3.

[17]   Stipulation, Doc. 80 (explaining that Keen will stipulate "that he was required by law to register as a sex offender and was found guilty of a felony offense involving a minor").

[18]   Gov. R. 414 MIL Br., Doc. 66 at 9.

child molestation." Once admitted, "[t]he evidence may be considered on any matter to which it is relevant."[19] Rule 414 reverses the traditional ban on propensity evidence, allowing courts to admit evidence of an individual's prior acts and crimes as evidence of his or her relevant character traits to show that he or she acted in accordance with said character trait.[20]

Both parties agree to the test for admission under Rule 414: (1) Keen must be accused of "child molestation"; (2) the evidence the Government seeks to admit must concern conduct that is "child molestation"; (3) the evidence must be relevant; and (4) its admission must not violate Rule 403.[21] Keen does not appear to dispute the first or third elements for admission, so the Court will focus on the second and fourth elements.[22]

### 1. Whether Keen's Prior Acts Constitute Child Molestation

To be admitted, Keen's prior acts must constitute "child molestation" as that term is defined by Rule 414(d)(2). Here, the Government submits three categories

---

[19] Fed. R. Evid. 414(a).

[20] *See* Fed. R. Evid. 404; *United States* v. Merz, 396 Fed. Appx. 838, 842 (3d Cir. 2010).

[21] Gov. R. 414 Br., Doc. 66 at 12-13; Keen R. 414 Opp. Br., Doc. 70 at 3.

[22] The Court briefly discusses those elements for completeness. The Superseding Indictment currently accuses Keen of violating 18 U.S.C. § 2252, which falls under chapter 110 of Title 18 and therefore qualifies as a "child molestation" offense under Rule 414(d)(2). That satisfies the first element. The prior act the Government seeks to admit is Keen's 2017 Pennsylvania conviction for possession of child pornography in violation of 18 Pa. C.S. § 6312(d). Doc. Section 6312(d) criminalizes the intentional viewing or knowing possession of any "material depicting a child under the age of [eighteen] years engaging in a prohibited sexual act or in the simulation of such act commits an offense." The Government offers this as evidence of Keen's propensity to act in accordance with his sexual interest in children. Gov. R. 414 MIL Br., Doc. 66 at 17. That is undoubtedly relevant as Keen's sexual interest in children makes it more likely that Keen possessed child pornography as alleged in the Superseding Indictment.

of evidence to support its argument that Keen committed a prior child molestation: (1) the order accepting Keen's no-contest plea; (2) the sworn criminal complaint against Keen, with an accompanying affidavit of probable cause; and (3) the proposed testimony of Special Agent Daniel M. Hasenauer of the Pennsylvania Office of Attorney General's Child Predator Section, who filed the complaint against Keen and prepared the affidavit of probable cause.[23] The Government indicates that Hasenauer will testify to Keen's possession of child pornography, presumably by testifying to the contents of the affidavit he prepared.[24] The Court now turns to whether that evidence satisfies the Government's burden for admission of Keen's prior acts under Rule 414.

In *Johnson v. Elk Lake School District*, the United States Court of Appeals for the Third Circuit discussed proper standard of review for the admission of prior uncharged conduct under Rule 415, the civil analogue to Rule 414.[25] The court concluded that the Rule 104(b) standard for conditional evidence applied.[26] Under Rule 104(b), the Court "examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact—[whether the defendant

---

[23]   Docs. 81-1 (order accepting no-contest plea), 81-2 (complaint against Keen), 83-1 (Keen sentencing order), 83-2 (plea colloquy). Gov. Notice to Call Special Agent Hasenauer, Doc. 84.

[24]   Gov. Notice to Call Special Agent Hasenauer, Doc. 84 ¶¶ 2-4.

[25]   283 F.3d 138, 151-56 (3d Cir. 2002). Functionally, Rules 414 and 415 are the same. *See id.* at 150-52; *Merz*, 396 F. App'x at 842 (citing Fed. R. Evid 414).

[26]   *Johnson*, 283 F.3d at 152-53.

committed the prior act]—by a preponderance of the evidence.'"[27] That standard, sometimes referred to as the *Huddleston* standard from the Supreme Court of the United States' opinion in *Huddleston v. United States*, is somewhere below a traditional preponderance-of-the-evidence standard, but its exact definition is left to the discretion of trial courts.[28] Therefore, the Court must determine whether a jury could reasonably conclude that Keen possessed child pornography from the evidence mentioned above.

> **a. A Jury Cannot Reasonably Conclude that Keen Committed A Prior Act Based on his *Nolo Contendre* Plea**

The Court begins with Keen's no-contest plea. Keen pled no contest to an alleged violation of 18 Pa. C.S. § 6312(d), which criminalizes the possession of child pornography.[29] In Pennsylvania, a no-contest plea, sometimes referred to as a plea of *nolo contendre* or a *nolo* plea, is different from a guilty plea in its effect on

---

[27] *Id.* (quoting *Huddleston v. United States*, 485 U.S. 681, 690 (1988) (alterations in original)). Although it found the position "problematic," the *Johnson* court concluded that Rule 104(b) applied based on *Huddleston*, where the Supreme Court of the United States held that Rule 104(b) applied to the admission of prior-acts evidence under Rule 404(b), rather than Rule 104(a) which requires the court to make a preliminary finding by a preponderance of the evidence. *Id.* at 153-55; *see id.* at 153 n.8. Therefore, this Court must determine whether the jury could reasonably find that Keen committed the prior act of possessing child pornography by a preponderance of the evidence based on the evidence the Government provided.

[28] *See id.* at 152-53 ("Presumably, this once-removed determination of the trial judge lowers the burden for the party seeking to introduce the prior act evidence, although exactly by how much is hard to say, as the standard appears designed to provide the trial court substantial discretion in admitting conditionally relevant information.").

[29] Doc. 81-1 at 1 ("[T]he [c]ourt accepts as knowing, intelligent, and voluntary, defendant's plea of no contest to Count 6, Possession of Child Pornography, a felony three offense.").

subsequent proceedings. That is true even though both a *nolo* plea and a guilty plea lead to the same result: a judgment of conviction and a criminal sentence.[30]

In *United States v. Poellnitz*, our Court of Appeals addressed the status of Pennsylvania *nolo* pleas in a federal supervised-release revocation proceeding.[31] The question before the *Poellnitz* court was whether the defendant violated a condition of supervised release prohibiting him from committing additional crimes by pleading *nolo contendre* to a criminal charge in Pennsylvania state court.[32] That condition read: "[w]hile on supervised release, the defendant shall not commit any crimes, federal, state, or local . . . ."[33] In the *Poellnitz* court's view, "[t]he condition was *not* that defendant shall not be *convicted* of another crime."[34] Instead, "[w]hat is forbidden [by the condition] is illegal conduct, not another judgment of conviction."[35]

Once one intersperses the definition of "child molestation" from Rule 414(d)(2) into Rule 414(a), it reads the same as the condition in *Poellnitz*: "the court may admit evidence that the defendant *committed any other . . . crime* under federal law or under state law . . . ." Although the subsequent proceeding in *Poellnitz* was a revocation of federal supervised release, the nearly identical language of Rule 414

---

[30]   *See United States v. Poellnitz*, 372 F.3d 562, 567-70 (3d Cir. 2004).
[31]   *Id.*
[32]   *Id.* at 566.
[33]   *Id.* at 564.
[34]   *Id.* at 566 (emphasis in original).
[35]   *Id.*

strongly suggests that the *Poellnitz* court's analysis applies with equal force to admitting prior-acts evidence in subsequent criminal prosecutions. Therefore, the second element for admission under Rule 414—whether the defendant's prior conduct concerns child molestation—requires proof "of illegal conduct, not another judgment of conviction."[36]

Accordingly, to admit evidence under Rule 414 "the [G]overnment did not have to show that [Keen] was convicted of a new crime, but did have to show that he actually committed a new crime."[37] Rule 414's applicability to conduct rather than the conviction itself is further evidenced by the Third Circuit's conclusion in *Johnson* that Rule 415 allowed the admission of uncharged conduct.[38] Obviously, uncharged conduct could not have resulted in a conviction.

But a conviction can serve as proof of the underlying acts themselves if accompanied by the defendant's admission or a factual finding by a judge or jury that the defendant committed the underlying acts. In *Poellnitz*, our Court of Appeals held that the district court erred when it "treated the *nolo* plea as the proof that [the defendant] committed the underlying crime."[39] That is because "[i]n pleading *nolo contendere*, the defendant does not admit his guilt, but merely consents to being

---

[36] *Poellnitz*, 372 F.3d at 566.

[37] *Id.*

[38] 283 F.3d at 151-52 ("Although the language of Rule 413(d) is ambiguous as to whether the past "offense of sexual assault" must be a conviction, the legislative history of Rules 413–15 indicates that Congress intended to allow admission not only of prior convictions for sexual offenses, but also of uncharged conduct.").

[39] *Id.*

punished as if he were guilty."[40] "Thus, as a legal matter consideration of a *nolo contendere* plea as evidence of [the defendant's] commission of the underlying crime [is] improper."[41] Accordingly, Keen's *nolo* plea is not proof that he committed "child molestation" under Rule 414 because it does not prove he committed crime—or really that he did anything.

When it remanded the case, the *Poellnitz* court suggested that the district court "take into account all evidence in the record, including, but not limited to, evidence presented at [defendant's] plea hearing."[42] The Court accordingly reviewed the order accepting the plea as well as the accompanying colloquy but unsurprisingly did not find any factual admission to the elements of 18 Pa. C.S. § 6312(d).

Consistent with *Poellnitz*, a jury could not reasonably conclude from Keen's *nolo* plea that he committed "child molestation." Instead, Keen's *nolo* plea proves the fact that he was convicted of possession of child pornography—and that fact alone. But Rule 414 is a vehicle to admit evidence of conduct, not a conviction. All Keen's conviction stands for is the fact that he was convicted. Keen specifically opposes any effort by the Government to admit the fact that he was on supervised

---

[40]   *Id.* at 568 (quoting *Commonwealth v. Gunter*, 771 A.2d 767, 773 (Pa. 2001) (Cappy, J., concurring)).

[41]   *Id.* at 570.

[42]   372 F.3d at 370; *see also United States v. Merz*, 2009 WL 1183771, at *8 (E.D. Pa. May 4, 2009) (considering a criminal complaint and affidavits of probable cause to determine whether the defendant committed a prior act of child molestation).

release due to his child pornography conviction.[43] Like Keen's conviction, his being on supervised release is not evidence that he committed a prior act of child molestation—it is a consequence of his conviction. Accordingly, Keen's conviction and the fact that he was on supervised release are not admissible under Rule 414.[44]

>   **b.   The Jury Can Reasonably Conclude that Keen Committed A Prior Act Based on the Both the Criminal Complaint Against Him and Special Agent Hasenauer's Testimony**

The Government also submitted for the Court's consideration the sworn criminal complaint against Keen that led to his *nolo* plea and affidavit of probable cause from Special Agent Hasenauer, the officer who filed the complaint and prepared the affidavit.[45] The Government intends to call Hasenauer to establish the fact that Keen possessed the child pornography identified in the complaint and affidavit.[46] The acts described in the affidavit and complaint involve the possession of child pornography involving minors younger than fourteen, which facially meets Rule 414's definition of "child molestation."[47]

---

[43]   Keen further indicated that he does not object to the mere fact that he was on supervised release, just that he was on it *because* he was convicted for the possession of child pornography.

[44]   However, Keen's conviction may be admissible under Rule 609, a matter that the Court will address if and when necessary. It is also certainly admissible for impeachment purposes in the event Keen denies the fact that he was convicted.

[45]   Doc. 81-2; *see Merz*, 2009 WL 1183771, at *8 (considering similar evidence).

[46]   Gov. Notice Regarding R. 414 MIL, Doc.

[47]   *See* Doc. 81-2 at 7-8 (explaining that law enforcement found pornographic materials involving children two to five years old on a laptop in Keen's bedroom).

But without a trial, a complaint is simply a list of accusations yet to be proven and has no evidentiary value.[48] However, the Government's representation that Hasenauer will testify to his personal knowledge of the investigation, is sufficient for a jury to reasonably conclude that Keen committed a prior act of child molestation, satisfying the *Huddleston* standard.[49] Accordingly, the Government has shown that Keen committed a prior act of "child molestation."

### 2.    The Prior-Acts Evidence Is Not Overly Prejudicial

But even when the evidence of prior acts satisfies the *Huddleston* standard, courts may still exclude relevant evidence offered under Rule 414 if the danger of unfair prejudice substantially outweighs its probative value.[50] In *Johnson*, and more recently in *United States v. Noble*, our Court of Appeals explained how the Rule 403 analysis fits into the broader Rule 414 analysis.[51] Both decisions indicate that "where a prior act or conviction is 'demonstrated with specificity and is sufficiently similar,'

---

[48]   *See United States v. Machado*, 886 F.3d 1070, 1086 (11th Cir. 2018) (affirming a district court's exclusion as irrelevant the untried indictment of a third-party witness in part because the indictment it was "not dispositive, or even evidence, of what conduct [the witness] actually committed."); Third Circuit Model Criminal Jury Instruction 3.07—Nature of Indictment ("An indictment is simply a description of the charge(s) against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that [the defendant] has been indicted in making your decision in this case.").

[49]   That does not mean that the affidavit itself is admissible, as it is still hearsay if offered for the truth of the matter asserted therein. But the Court will determine that issue if and when it arises at trial. As Hasenauer will testify, the Court discerns no Confrontation Clause issues even though it is clear that the affidavit was prepared for investigative purposes. *See United States v. Price*, 458 F.3d 202, 209 n.2 (3d Cir. 2006) ("The instant case does not present any Confrontation Clause issues because the challenged hearsay statements were made by [an officer] who testified at trial and was available for cross-examination." (citing *Crawford v. Washington*, 541 U.S. 36, 60 n.9 (2004))).

[50]   *Johnson*, 283 F.3d at 155.

[51]   *See id.* at 156; *Noble*, 42 F.4th 346, 352-53 (3d Cir. 2022).

12

to the charged conduct, 'the propensity inference that can be drawn from the past act evidence is greatest.'"[52] In those cases, "the probative value of the similar act [should] be presumed to outweigh Rule 403's concerns."[53]

Here, the acts leading to Keen's 2017 conviction and the acts alleged in the Superseding Indictment are substantially similar. Keen does not appear to dispute that comparison. As discussed, both involve the possession of child pornography. But in addition to similarity, the Government must be able to demonstrate the prior acts with sufficient clarity to avail itself of *Johnson*'s presumption of admissibility.[54] "[W]here the past act cannot be demonstrated with sufficient specificity, the propensity inference provided by the past act is weaker, and no presumption in favor of admissibility is warranted."[55] And "[w]here a past act cannot be shown with reasonable certainty, its probative value is reduced and it may prejudice the defendant unfairly, confuse the issues, mislead the jury, and result in undue delay and wasted time—all reasons for excluding evidence under Rule 403."[56]

Assuming that Hasenauer's testimony mirrors his affidavit of probable cause, the Court believes that his testimony will be sufficiently specific and show Keen's prior acts with reasonable certainty. The affidavit described a detailed investigation as well as the seizure of a laptop containing pornographic material that Hasenauer

---

[52] *Noble*, 42 F.4th at 352 (quoting *Johnson*, 283 F.3d at 156).
[53] *Id.* (quoting *Johnson*, 283 F.3d at 144) (alterations in original).
[54] *See Johnson*, 283 F.3d at 156.
[55] *Id.*
[56] *Id.*

personally reviewed.[57] Therefore, the Court concludes that the *Johnson* presumption applies to Keen's prior acts. Accordingly, the probative value of Hasenauer's testimony's is not outweighed by the danger of unfair prejudice.

But Hasenauer's testimony is still not as sufficiently clear as would be a guilty plea or jury verdict. Therefore, the Court engages in the Rule 403 analysis for the sake of completeness. In circumstances where the *Johnson* presumption is inapplicable, the Third Circuit instructs district courts to consider: (1) "the closeness in time of the prior acts to the charged acts"; (2) "the frequency of the prior acts"; (3) "the presence or lack of intervening events"; and (4) "the need for evidence beyond the testimony of the defendant and alleged victim."[58]

In *United States v. Merz*, our Court of Appeals affirmed a district court's admission of prior convictions of child molestation offenses, making several observations in its effort to balance their prejudice and probative value.[59] First, the court found the instances of conduct similar to the charges at issue because both involved children of the same age and the defendant spent most of the intervening thirteen years in incarceration.[60] Second, one issue at trial was the identity of an

---

[57]  *See* Doc. 81-2 at 4-9; *id.* at 7 ("Please note that Your Affiant viewed the two (2) completed downloaded files and confirmed that the files appear to depict children, under the age of eighteen (18) years old engaged in sexual acts . . . ."); *see also Johnson*, 283 F.3d at 157-58 (agreeing with district court's observation that witness to defendant's prior acts' testimony was "equivocal" and affirming district court's exclusion of that evidence in part on that basis).

[58]  *Noble*, 42 F.4th at 352 n.4 (quoting *Johnson*, 283 F.3d at 156).

[59]  *United States v. Merz*, 396 Fed. Appx. 838, 843 (3d Cir. 2010).

[60]  *Id.*

online alias who trafficked the pornography, and the prior instances of conduct involved online statements made by that alias that were consistent with defendant's identity.[61] Third, the jury was not informed as to the facts underlying the defendant's prior convictions, which reduced the prejudicial effect of the prior-crimes evidence.[62]

Here, both Keen's prior acts and the instant allegations involve pornographic materials that depict children of similar ages.[63] Additionally, Keen indicates that he will attempt to cast doubt on his possession of the laptop containing the illicit material. Although the prior evidence here does not involve the same alias, as was the case in *Merz*, Keen's prior possession of similar pornography makes it more likely that he possessed it in August 2020 and that he was familiar with how to obtain it.[64] Rule 414 expressly allows such prior-acts evidence for that purpose—to show propensity. As for frequency, both of Keen's offenses occurred within a five-year period and Keen spent about one year in prison between the two, demonstrating some level of frequency. Lastly, given that the documentary evidence in the record is incompetent to demonstrate Keen's prior acts, the Court finds that there is a need for additional evidence.

---

[61]   *Id.*

[62]   *Id.*

[63]   *See* Hasenauer's Affidavit of Probable Cause, Doc. 81-2 at 4-9; Superseding Indictment, Doc. 54.

[64]   *See id.* (noting that prior-acts evidence "was probative of the fact [the defendant] knowingly traded in child pornography, as his statements . . . showed he was aware that the message board was used for the illegal posting of child pornography").

On the other side of the equation, evidence of prior acts offered to show propensity is highly prejudicial, even if expressly allowed by Rule 414.[65] As noted above, in *Merz*, the district court limited the Government to proof of the defendant's convictions and did not permit the jury to learn of the convictions underlying facts.[66] Here, the Court reluctantly chooses not to follow the district court's procedure in *Merz*. Given the unique legal status of Keen's *nolo* plea, the Court will grant the Government's Rule 414 motion in part and permit Hasenauer to testify to the facts underlying Keen's prior conviction. But that does not mean that all of Hasenauer's testimony is admissible. It may be subject to various objections under other evidentiary rules. Furthermore, if Keen is not satisfied with the Government's proofs that he committed the prior act, he is free to renew his objection after the Government's case-in-chief.

### C.    The Government's Rule 404(b) Motion

The Government also seeks admission of a transcript of online messages between Keen and several individuals extracted from the same laptop upon which child pornography was found.[67] The conversation appears to have taken place in July 2016 over Skype, a messaging application.[68]

---

[65]  *Id.* ("Evidence of prior convictions may pose a danger that the jury may decide to convict the defendant based on prior offenses and not the crime charged.").

[66]  *Id.*

[67]  Gov. R. 404 MIL Br., Doc. 74 at 3-4.

[68]  *Id.*; Doc. 74-1.

The Government submits that the transcript contains: discussions of pornography and masturbation by Keen; links to pornographic websites sent by Keen; receipt of links by Keen and others to sites the Government argues are known to host child pornography; and Keen's use of Skype to send images.[69]

Again, both parties appear to agree to the test for admission under Rule 404(b): (1) the evidence must be offered for a non-propensity purpose; (2) the evidence must be relevant to that purpose; (3) admission must not violate Rule 403; and (4) a limiting instruction should be given if requested.[70] The Court discerns two distinct items of evidence that the Government seeks to admit. The first is fact that Keen used the computer in 2016. The second is the substance of his conversation.

The mere fact that Keen used the computer in 2016 does not show that Keen has any character trait with which he could act in accordance. Ownership of an object is not a character trait. The Government may use evidence of Keen's prior use of the computer to prove that Keen was in possession of the pornographic media on the computer and to show that Keen had access to and knew how to use the computer to send and receive image files. The Government indicated that an expert forensic analyst will testify to Keen's prior use of the computer based on the expert's analysis of the computer. That's permissible. As is cross-examining Keen on his prior use of the computer, should he testify.

---

[69]   Gov. R. 404(b) MIL, Doc. 74 at 3-4, 8.
[70]   *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Caldwell*, 760 F.3d 267 (3d Cir. 2014).

But the substance of the messages presents a different matter. The Government argues that the messages are "probative of Keen's interest in using his computer to obtain pornographic materials and make his identity as the person who received such files during the time charged in the indictment more probable" and show "that his receipt of such files as charged in the indictment was not an accident or mistake."[71] It also seeks to admit the evidence to show Keen's intent.[72] The Court respectfully disagrees with the Government's position.

First, there is no indication that Keen argues he mistakenly or accidentally possessed the pornographic media. His expected defense—that someone else possessed the pornography found on the laptop computer—is a third-party culpability defense, not a mistake or accident defense. Accordingly, there is no mistake or accident the messages could be offered to disprove.

Second, the Government seeks to introduce evidence to suggest Keen had an "interest" in obtaining pornographic materials. The Court's understanding of the Government's position is that it offers Keen's messages to show an interest in pornography that Keen then acted in accordance with in August 2020, when he was found with the laptop. That's propensity evidence. Indeed, the Government implicitly concedes as much in its briefing on its Rule 414 motion, where it argues that Keen's other prior acts demonstrate a sexual interest in children that he acted in

---

[71] Gov. R. 404 MIL Br., Doc. 74 at 8.
[72] *Id.*

accordance with.[73] Rule 414(a) allows the Government to offer evidence for that purpose. Rule 404(a) does not. The Court does not discern a difference between offering evidence of a sexual interest in children and an interest in obtaining pornography. Both are character traits. Therefore, the Court rejects Keen's interest in pornography as a basis to admit his messages.

Although the Court agrees that the transcripts could serve to show Keen's identity, knowledge, and intent, the Court has serious concerns about offering prior-acts evidence for those purposes. These are the same concerns the Seventh Circuit expressed in its *en banc* opinion in *United States v. Gomez*:

> Does a permissible ultimate purpose (say, proof of the defendant's knowledge or intent) cleanse an impermissible subsidiary purpose (propensity)? On the surface [Rule 404] seems to permit this. But if [Rule 404(b)(2)] allows the admission of other bad acts whenever they can be connected to the defendant's knowledge, intent, or identity (or some other plausible non-propensity purpose), then the bar against propensity evidence would be virtually meaningless.[74]

To resolve what it found to be "inherent tension" in Rule 404, the *Gomez* court "cautioned that it's not enough for the proponent of the other-act evidence simply to point to a purpose in the 'permitted' list and assert that the other-act evidence is

---

[73] *See* Gov. R. 414 MIL Br., Doc. 66 at 16-17 ("Evidence of Keen's prior possession of child pornography should be admitted to prove his sexual interest in children." (citing *United States v. Woods*, 684 F.3d 1045 (11th Cir. 2012); *United States v. Moore*, 425 F. App'x 347 (5th Cir. 2011))).

[74] 763 F.3d 845, 855-86 (7th Cir. 2014) (en banc).

relevant to it."[75] Rule 404(b) is also concerned "with the chain of reasoning that supports the non-propensity purpose for admitting the evidence."[76] "In other words, the rule allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning."[77]

The Court is without the benefit of much explanation of the Government's chain of reasoning here, but it assumes that the Government wishes to use Keen's prior references to pornography to show he knowingly possessed it in August 2020, as is required by the statues under which Keen is charged.[78]

Two problems there. First, the Court is troubled by the nature of Keen's messages. As the Government concedes, "the use of Skype to chat and send messages and files is perfectly legal," even when "the chats contained discussions of pornography and a reference to a website known to host child pornography."[79] Based on those representations, the Court is concerned that in attempting to connect those messages to the knowing/willful receipt and possession of child pornography, the Government will confuse the jury. If Keen's prior acts are perfectly legal, it is unclear how they show his intent to commit illegal acts beyond showing he had a propensity to consume pornography, which, again, is an inadmissible purpose. That's not a "propensity-free" chain of reasoning.

---

[75] *Id.*
[76] *Id.*
[77] *Id.*
[78] *See* 18 U.S.C. § 2252; 18 U.S.C. § 1466A.
[79] Gov. R. 404 MIL Br., Doc. 74 at 7.

Second, and perhaps more important, is that the Court has already granted the Government's Rule 414 motion. That allows the Government to introduce significantly prejudicial evidence for the very purpose it cannot rely on under Rule 404—that Keen had a sexual interest in children that he acted in accordance with in August 2020. Put differently, there's no need to gild the lily here. The jury can infer Keen's knowledge, identity, and intent from his prior acts. Indeed, in accordance with Rule 414, the Government has requested that the Court instruct the jury to that effect.[80]

Therefore, although one might argue that Keen could not be prejudiced any further than he already is by the admission of arguably more damning prior-acts evidence offered to show propensity, the Court will grant the Government's Rule 404(b) motion in part and deny it in part. Evidence of Keen's prior use of the laptop is admissible, but the substance of his Skype chats is not.[81]

---

[80]   *See* Gov. Proposed Jury Instructions, Doc. 63 at 17-18 ("You may consider the evidence of such other acts involving child pornography, for its tendency, if any, to show the defendant's propensity to engage in child pornography offenses, as well as its tendency, if any, to determine whether the defendant committed the acts charged in the superseding indictment; determine the defendant's intent; determine the defendant's motive, plan, or design to commit the acts charged in the superseding indictment; determine the defendant's knowledge; or rebut the contention of the defendant that his participation in the offenses charged in the superseding indictment was the result of accident or mistake."). Giving such an instruction followed by an instruction that the jury not consider Keen's messages for those purposes is permissible, but still confusing.

[81]   Of course, should Keen deny his prior use of the laptop, the Government is free to use the transcripts to impeach him.

**D.      The Pornographic Photos the Government Intends to Offer**

The Court notes one last issue not yet addressed by the parties. The Government intends to move into evidence a limited selection of pornographic images depicting children found on Keen's laptop from the August 2020 seizure. The Court has reviewed the images *in camera*. They are both highly relevant and highly prejudicial. Keen has not moved to exclude the images as of yet. But the Court is open to the parties' suggestions as to how many images are presented to the jury and how they are presented to the jury. That is a matter best resolved before trial and outside the presence of the jury.

## IV.   CONCLUSION

As evident throughout this opinion, child pornography cases raise complex issues of criminal law and procedure that stretch—and sometimes reverse—longstanding traditions in criminal and evidentiary jurisprudence. But those accused of heinous crimes are entitled to the same protections as every other defendant before the Court. For the foregoing reasons, the Court grants Keen's motion to bifurcate, grants the Government's Rule 414 motion as to Hasenauer's testimony, and grants in part and denies in part the Government's Rule 404(b) motion.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

22